NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHAO JIN,<br><br>            Petitioner,<br><br>   v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>            Respondent. | No. 13-73187<br><br>Agency No. A088-112-411<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016**

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Zhao Jin, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        **     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Jin's challenge to the IJ's denial of his CAT claim because he failed to raise the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the agency's adverse credibility determination based on Jin's misrepresentations to immigration officials and on the IJ's demeanor finding. *See Shrestha*, 590 F.3d at 1048 (describing an adverse credibility determination as reasonable when "grounded in the record and based on real problems . . . not mere trivialities."); *see also Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014) (explaining "[t]he need for deference [in credibility cases] is particularly strong in the context of demeanor assessments."). Thus, in the absence of credible testimony, Jin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**